IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES McANANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **NO. 16-5173** |
| **NATIONSTAR MORTAGE, LLC;** | : | |
| **DOES 1 through 10, INCLUSIVE** | | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    **March 1, 2017**

Borrowers facing foreclosure proceedings in state court need to fully protect themselves and advocate all available defenses in the state court process. Long after the foreclosure judgment, the borrower cannot file in federal court raising the same arguments which he raised, or which he could have been raised, before the state court. We are not an appellate court for state court foreclosure proceedings. In the accompanying Order, we must dismiss a borrower's complaint raising notice and fraud claims (based on the lender allegedly not telling the state court of certain facts) available to the borrower when litigating the state court foreclosure. The borrower's claims are barred by *res judicata*. His claims for damages arising from the state court foreclosure are barred by the *Rooker Feldman* doctrine.

### I.     Mr. McAnany's allegations.

Bank of America, N.A. serviced a mortgage loan extended to James McAnany secured by his home.[1] Sometime during October 2012, Bank of America modified Mr. McAnany's payment terms on a trial basis.[2] The Bank lowered Mr. McAnany's scheduled payments for November 2012, December 2012, and January 2013.[3] If he timely paid these lower amounts, the Bank agreed to permanently modify the mortgage loan terms.[4] Mr. McAnany alleges he made his first

payment before November 1, 2012, but the Bank told him it could not locate the payment.[5] As a result, Mr. McAnany defaulted on the trial modification and needed to apply for a new modification.[6]

Bank of America transferred the servicing of Mr. McAnany's mortgage loan to Nationstar Mortgage, LLC on July 1, 2013.[7] Nationstar asked for documents and Mr. McAnany alleges he provided documents from September 19, 2014 to October 28, 2014, but Nationstar denied timely receiving these documents.[8] Mr. McAnany alleges Nationstar's denial of receiving his documents is a misrepresentation.[9]

According to Mr. McAnany, Nationstar engaged in "dual tracking by scheduling and conducting a foreclosure sale" of his former residence while he "was seeking a loan modification."[10] The foreclosure sale occurred on March 19, 2015. Mr. McAnany now complains Nationstar did not post notice of the foreclosure sale or serve him with a summons before the sale.[11]

Mr. McAnany sued Nationstar on September 28, 2016. Mr. McAnany brings three claims of wrongful foreclosure.[12] The first claim of wrongful foreclosure comes under Pennsylvania's Loan Interest and Protection Law[13] and alleges a lack of notice.[14] His second claim, also alleging notice defects, is brought under Pennsylvania's Finance Housing Agency Law.[15] His final claim, under Pennsylvania's Unfair Trade Practices and Consumer Protection Law,[16] alleges Nationstar made a misrepresentation to Mr. McAnany concerning the foreclosure.[17] Mr. McAnany alleges injuries stemming directly from the Pennsylvania state court's judgment in the foreclosure action, *i.e.*, damage to his reputation and credit rating as well as the loss of his home.[18]

## II.     Analysis

Nationstar moves to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  In the alternative, Nationstar moves to dismiss because Mr. McAnany's claims are barred by *res judicata*.

### A.  *Res judicata* bars Mr. McAnany's claims.

Mr. McAnany's claims are barred by *res judicata*.  *Res judicata* provides "a federal court must give a state court judgment the same preclusive effect that the state court would give it."[19] "Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action."[20]  *Res judicata* "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action."[21]  A plaintiff's claims may be precluded based on the doctrine of *res judicata* if the following elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[22]

A claim challenging a party's conduct that occurred before the state court entering judgment in a foreclosure proceeding may not be barred by the *Rooker-Feldman* doctrine but instead is subject to the principles of preclusion under *res judicata*.[23]  For example, in *Sherk v. Countrywide Home Loans*, the court found to the extent the plaintiffs argued they were injured by the defendants' conduct before the entry of judgment, *res judicata* barred the claims because the plaintiffs could have litigated the claims in the state court foreclosure proceeding.[24]

Mr. McAnany seeks relief for claims he could have brought against Nationstar in the now-concluded foreclosure proceedings, including failure to provide certain notices and misrepresenting its non-receipt of documents related to the foreclosure action.  Mr. McAnany could and should have brought these claims in the foreclosure action, which he could have

3

appealed to the proper Pennsylvania appellate court. We dismiss Mr. McAnany's claims as barred under the doctrine of *res judicata*.

### B. *Rooker-Feldman* bars claims for damages caused by the state court foreclosure.

Mr. McAnany's claims also are barred by *Rooker-Feldman* to the extent he seeks compensation for damage caused by the foreclosure. "Under the *Rooker-Feldman* Doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling."[25] The Supreme Court defined the contours of *Rooker-Feldman*, explaining that the doctrine deprives the lower federal courts of jurisdiction only in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[26] *Rooker-Feldman* is not implicated "simply because a party attempts to litigate in federal court a matter previously litigated in state court."[27] If the matter was previously litigated, as long as the "federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'"[28]

Clarifying the *Rooker-Feldman* doctrine, our Court of Appeals instructs we lack jurisdiction only if (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the plaintiff has invited the district court to review and reject the state judgment.[29] When a "federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment."[30] In deciding whether a

claim is inextricably intertwined, the federal court must determine exactly what the state court held.[31] The court must then articulate the federal relief sought by the plaintiff.[32] If this relief "requires determining that the state court decision is wrong or would void the state court's ruling," then the issues are inextricably intertwined and the federal court lacks subject matter jurisdiction.[33]

On multiple occasions, our Court of Appeals has held the *Rooker-Feldman* doctrine bars federal courts from providing relief invalidating a state court foreclosure decision.[34] For example, in *Easley v. New Century Mortgage Corporation*, the plaintiff sought compensation for "damage to her credit rating caused by the foreclosure."[35] Our Court of Appeals held the *Rooker-Feldman* doctrine barred the plaintiff's claims because the plaintiff sought damages "stemming directly from the state court's judgment in the foreclosure action."[36]

Mr. McAnany's claims are barred by *Rooker-Feldman* to the extent he seeks compensation for damage caused by the foreclosure. Mr. McAnany lost in state court. He complains of injuries caused by the state court judgment. Specifically, Mr. McAnany asserts his reputation and credit rating were damaged because of the negative light of the foreclosure action. He also asserts he lost his home as a result of the foreclosure. Because the foreclosure sale took place on March 19, 2015, the state court foreclosure judgment necessarily occurred before Mr. McAnany filed suit in federal court on September 28, 2016. The damages Mr. McAnany seeks—including damages to his reputation, his credit rating, and losing his house—all stem directly from the state court's judgment. Mr. McAnany's claims for these damages are barred by the *Rooker-Feldman* doctrine.

### III.     Conclusion.

Mr. McAnany's claims are barred by *res judicata*. Mr. McAnany's claims are also barred by the *Rooker-Feldman* doctrine to the extent he seeks relief for conduct preceding the foreclosure action. We dismiss his complaint in the accompanying Order.

---

[1] ECF Doc. No. 5, ¶ 7.

[2] *Id.*

[3] *Id.*

[4] *Id.,* ¶ 8.

[5] *Id.*, ¶ 9.

[6] *Id.*

[7] *Id.*, ¶ 10.

[8] *Id.*, ¶ 11.

[9] *Id.*

[10] *Id.*, ¶ 12.

[11] *Id.*, ¶¶ 14-16.

[12] *Id.*, ¶¶ 17-27.

[13] 41 Pa. Stat. § 401.

[14] ECF Doc. No. 5, ¶¶ 17-19.

[15] 35 Pa. Stat. § 1680.101; ECF Doc. No. 5, ¶¶ 20-23.

[16] 73 Pa. Stat. §§ 201-2(4)(iv), 201-3.

[17] ECF Doc. No. 5, ¶¶ 24-27.

[18] ECF Doc. No. 5, ¶¶ 19, 23, 27.

[19] *Sherk v. Countrywide Home Loans, Inc.*, No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009) (citing *Lance v. Dennis*, 546 U.S. 459, 466 (2006) and *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006)).

[20] *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (citation omitted).

[21] *Id.*

[22] *Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010).

[23] *See Hua v. U.S. Bank Nat. Ass'n*, No. 14-6767, 2015 WL 1071606, at *3 (E.D. Pa. Mar. 11, 2015) (stating if the source of the injury is defendant's actions "[t]he federal suit is an independent claim that is not barred by the *Rooker-Feldman* doctrine, and is, instead, subject to state law principles of preclusion.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

[24] *Sherk*, 2009 WL 2412750, at *6.

[25] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006).

[26] *Exxon Mobil Corp.*, 544 U.S. at 284.

[27] *Id.* at 293.

[28] *Id.*

[29] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

[30] *Id.* at 170.

[31] *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citations omitted).

[32] *Perkins v. Beltway Capital, LLC*, 773 F. Supp. 2d 553, 557–58 (E.D. Pa. 2011).

[33] *Id.* (quoting *Laychock v. Wells Fargo Home Mortg.,* No. 07–4478, 2008 WL 2890962, at *2 (E.D. Pa. July 23, 2008)).

[34] *See, e.g.*, *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716 (3d Cir. 2010); *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946 (3d Cir. 2010); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008).

[35] *Easley*, 394 F. App'x at 948.

[36] *Id.*